IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMBER HEDGEMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFERX.MD, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Amber Hedgeman ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF ACTION

1. This is a class action lawsuit brought on behalf of all persons who have visited the website liferx.md (the "Website") and booked an appointment for Glucagon-like peptide-1 ("GLP-1") weight loss medication.

2. LifeRx.md, Inc. ("Defendant") is an online provider of GLP-1 weight loss medication.

3. When consumers visit the Website, they must book an appointment to determine whether they qualify for Defendant's weight loss medication. Unbeknownst to Plaintiff and members of the putative class, and contrary to Defendant's own representations, Defendant discloses their personally identifiable information to third parties for targeted advertising purposes. Plaintiff therefore brings this action for legal and equitable remedies resulting from Defendant's illegal actions.

1

## THE PARTIES

4.    At all relevant times Plaintiff Amber Hedgeman was a resident of Brooklyn, New York.  In January 2024, Plaintiff booked an appointment for GLP-1 medication through Defendant's Website.  When booking her appointment, Plaintiff provided Defendant with her personal information, including her name, email address, and phone number.  Unbeknownst to Plaintiff, Defendant disclosed her personal information—as well as her attempt to seek weight loss medication—to third parties for targeted advertising purposes.  After booking an appointment on Defendant's Website, Plaintiff began receiving targeted advertisements for similar products and services.  Plaintiff would not have booked an appointment on Defendant's Website if she knew Defendant was violating her privacy by sharing her personal information with unknown third parties.

5.    LifeRx.md, Inc. is a Delaware corporation with its principal place of business in Cherry Hill, New Jersey.  Defendant develops, owns, and operates liferx.md, which is used by consumers throughout New York to book appointments for weight loss medication.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

7.    This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. GLP-1 medications, such as Ozempic, are surging in popularity. These medications are expected to reach $150 billion in sales within the next ten years.[1]

10. Defendant requires prospective customers to book appointments through its Website to determine whether they qualify for these weight loss medications. To book an appointment, Defendant requests personal information from consumers, such as their name, email address, and phone number. Unbeknownst to consumers, and despite Defendants explicit representations to the contrary, Defendant shares this information with third parties for targeted advertising purposes.

11. To start, users click "Book An Appointment."

**Figure 1:**



---

[1] Beasley, Deena, *Weight-loss drug forecasts jump to $150 billion as supply grows*, Reuters (May 28, 2024).

12. When users click "Book An Appointment," Defendant requests personal information to connect them with one of its agents.

**Figure 2:**



13. As shown in Figure 2, Defendant expressly warrants to consumers that it "do[es] not sell or share your information with anyone."

14. However, Defendant shares consumers' personal information with several advertising partners, including, but not necessarily limited to, X Corp. (f/k/a Twitter, Inc.), Pinterest, Inc., Microsoft Corporation, Google, LLC, and Taboola, Inc. The information shared by Defendant allows these advertising partners to know the identities of specific individuals

interested in purchasing GLP-1 medications. This allows these companies, including Defendant, to profit from this information for targeted advertising purposes.

15. For example, after a consumer clicks "BOOK AN APPOINTMENT," Defendant sends their name, email address, and phone number to its advertising partners, as shown in Figures 3-7.

**Figure 3:**

```
"status": "COMPLETE",
"method": "GET",
"protocolVersion": "HTTP/2.0",
"scheme": "https",
"host": "bat.bing.com",
"actualPort": 443,
"path": "/action/0",
"query":
    "ti=97130562
    Ver=2
    mid=a2aad83b-7478-41f2-84e7-ed643d5caa73
    sid=2f820da038bd11efa318b9d955d3989a
    vid=2f8249a038bd11efaf138d04d2fbc56e
    vids=0
    msclkid=N
    uach=pv=15.0.0
    pi=918639831
    lg=en-US
    sw=3072
    sh=1728
    sc=24
    tl=Thank you - LifeRx.md
    p=https: //liferx.md/thank-you/?om_name=Thomas Anderson
    om_email=thommy5431@yahoo.com
    om_phone=7863486767
```

**Figure 4:**

Endpoint: https://googleads.g.doubleclick.net/pagead/viewthroughconversion/11480207165/
Date: Tue Jul 02 17:52:03 EDT 2024

Data:
random  38482850
cv  11
fst  1719957122995
bg  ffffff
guid  ON
async  1
gtm  45be4710v9176727086z89176257312za201zb9176257312
gcd  13l3l3l3l1
dma  0
tag_exp  0
u_w  3072
u_h  1728
url  https://liferx.md/thank-you/?
   om_name=Thomas Anderson
   om_email=thommy5431@yahoo.com
   om_phone=7863486767

**Figure 5:**

Endpoint: https://analytics.twitter.com/1/i/adsct
Date: Tue Jul 02 17:52:03 EDT 2024

Data:
bci  4
eci  3
event  {}
event_id  9b855003-31fe-4888-acb8-2591291f73eb
integration  advertiser
p_id  Twitter
p_user_id  0
pl_id  03c04e70-3eba-4782-b733-f9bffe32d584
tw_document_href  https://liferx.md/thank-you/?
   om_name=Thomas Anderson
   om_email=thommy5431@yahoo.com
   om_phone=7863486767

6

**Figure 6:**



**Figure 7:**



16.     When consumers share their personal information with medical professionals, they expect this information to be kept confidential. Moreover, when consumers seek a specific medical consultation and/or treatment from medical professionals, they also expect this highly sensitive information to be kept confidential.

17.     Defendant lulls consumers into a false sense of security by representing that its Website is "HIPAA compliant" and that it will "not sell or share your information with anyone." But that is not true because Defendant shares personal information about consumers with third parties such as X Corp., Pinterest, and Microsoft.

18. Defendant knows these representations are crucial due to the competitive market for GLP-1 medications. If consumers knew that Defendant was sharing their personal information for targeted advertising purposes, they would go to one of its competitors.

19. Defendant engages in this deceptive conduct for its own profit at the expense of its customers. Such disclosures are an invasion of privacy and lead to harassing targeted advertising.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in New York who booked an appointment on liferx.md (the "Class").

21. Excluded from the Class is Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which either Defendant has or had a controlling interest.

22. Plaintiff is a member of the Class she seeks to represent.

23. The Class is so numerous that joinder of all members is impractical. Although Plaintiff does not yet know the exact size of the Class, upon information and belief, the Class includes at least thousands of members.

24. The Class is ascertainable because the Class members can be identified by objective criteria – all individuals who booked an appointment on liferx.md. Individual notice can be provided to Class members "who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

25. There are numerous questions of law and fact common to the Class, which predominate over any individual actions or issues, including but not limited to:

    A.    Whether Defendant gave the Class members a reasonable expectation of privacy that their information was not being shared with third parties;

    B.    Whether Defendant's disclosure of information constitutes a violation of the claims asserted;

    C.    Whether Plaintiff and Class members are entitled to declaratory and/or injunctive relief to enjoin the unlawful conduct alleged herein; and

    D.    Whether Plaintiff and Class members have sustained damages as a result of Defendant's conduct and if so, what is the appropriate measure of damages or restitution.

26. Plaintiff's claims are typical of the claims of the members of the Class, as all members are similarly affected by Defendant's wrongful conduct. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff and all members of the Class have sustained economic injury arising out of Defendant's violations of common and statutory law as alleged herein.

27. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

28. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation

increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims are consistently adjudicated.

29. Plaintiff reserves the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

### COUNT I
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

30. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

31. Plaintiff brings this Count individually and on behalf of the members of the Class.

32. New York's General Business Law § 349 prohibits deceptive and misleading business practices.

33. In its sale of weight loss medications throughout the State of New York, Defendant conducts business and trade within the meaning and intendment of New York's General Business Law § 349.

34. Plaintiff and Class members are consumers who booked an appointment on Defendant's Website to receive weight loss medication for their personal use.

35. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices, which include, without limitation, representing that it "do[es]

not sell or share your information with anyone," while then sharing its consumers' personal information with third parties. A reasonable person would understand Defendant's representation to mean that Defendant is not sharing consumers' personal information with any third party.

36. The foregoing acts and practices were directed at consumers.

37. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent how Defendant treats its consumers' personal information.

38. By reason of this conduct, Defendant engaged in deceptive conduct in violation of New York's General Business Law.

39. Defendant's actions are the direct, foreseeable, and proximate cause of the damages that Plaintiff and members of the Classes have sustained.

40. On behalf of herself and other members of the Class, Plaintiff seeks to recover her actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees.

## COUNT II
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 350

41. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

42. Plaintiff brings this Count individually and on behalf of the members of the Class.

43. Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting that it was protecting consumers private personal information when booking an appointment on its Website.

44. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

45. These misrepresentations have resulted in consumer injury or harm to the public interest.

46. As a result of these misrepresentations, Plaintiff and members of the Class have suffered economic injury including, but not limited to, violations of their rights of privacy and loss of value in their personally identifiable information.

47. On behalf of herself and other Class members, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or five hundred dollars, whichever is greater, reasonable attorneys' fees and costs, and any other just and proper relief available under Section 350 of the New York General Business Law.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as representative of the Class and naming Plaintiff's attorneys as Class Counsel to represent the Class;

c. For an order declaring that Defendant's conduct violates the statutes referenced herein;

d. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

e. Award compensatory damages, including statutory damages where available, to Plaintiff and the Class members against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial;

f. Ordering Defendant to disgorge revenues and profits wrongfully obtained;

g. For prejudgment interest on all amounts awarded;

h. For injunctive relief ordering Defendant to immediately cease its illegal conduct;

i. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

j. Grant Plaintiff and the Class members such further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable in this action.

Dated: August 7, 2024                        Respectfully submitted,

By: /s/ Alec Leslie

**BURSOR & FISHER, P.A.**
Alec M. Leslie
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: aleslie@bursor.com

**BURSOR & FISHER, P.A.**
Stephen A. Beck (*pro hac vice* forthcoming)
701 Brickell Ave., Suite 2100
Miami, FL 33131
Tel: (305) 330-5512
Fax: (305) 676-9006
E-Mail: sbeck@bursor.com

*Attorneys for Plaintiff*